### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **MARIA ORFELIA ADRIANO USCA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00536-DB** |
| | § | |
| **KRISTI NOEM**, *in her official capacity as* | § | |
| *Secretary of the U.S. Department of* | § | |
| *Homeland Security, et al.*, | § | |
| **Respondents.** | § | |

### <u>ORDER</u>

On this day, the Court considered the above-captioned case. On February 23, 2026, Petitioner Maria Orfelia Adriano Usca filed a "Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1. Petitioner is currently detained at the El Paso Processing Center in the Western District of Texas. *Id.* at 3. She argues her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* at 16. On February 24, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner is an Ecuadorian national who entered the United States in 2024. *Id.* at 9. Upon arrival, Petitioner presented herself at the port of entry as an asylum seeker. *Id.* She was briefly detained by the Department of Homeland Security ("DHS") then released on an order of release on recognizance. *Id.* On January 10, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers outside her workplace in Minnesota. *Id.* Petitioner asserts, among other things, that her detention violates her due process rights because she has a fundamental

liberty interest in being free from official restraint and is being deprived of an individualized hearing to justify her detention. *Id.* at 14–15.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 2 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Yet, in their response, ECF No. 3, filed on February 27, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions[1] or offer any meaningful reasons why this case warrants a different outcome. Instead, Respondents offer the same template arguments

---

[1] Petitioner's reply argues "Respondents' Response fails to comply with this Court's Order to Show Cause in at least two critical respects. First, despite this Court's explicit directive, Respondents entirely fail to address *Vieira v. De Anda-Ybarra*. Second, although lengthy, the Response is precisely the type of "boilerplate" filing that this Court instructed Respondents to avoid. The copy/paste nature of the Response is made unmistakable by Respondents' repeated misidentification of Ms. Saquichagua's gender throughout their brief. Ms. Saquichagua's facts are materially the same as in *Vieira* and this Court should order the same relief." ECF No. 4 at 1–2.

this Court has already rejected. *Compare* Response, ECF No. 3 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting argument that petitioner's procedural due process claim is foreclosed by the Supreme Court decision *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Accordingly, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[2]  **IT IS HEREBY ORDERED** Petitioner Maria Orfelia Adriano Usca's

---

[2] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding

"Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than March 9, 2026.**[3]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than March 12, 2026.**

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

---

Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

[3] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

**IT IS FINALLY ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than March 16, 2026.**

**SIGNED** this **4th** day of **March 2026**.

_____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**